JUDGE HARDIN
delivered the opinion of the court:
This was an ordinary action against the appellees, Jonathan Lewis, William Dixon, Benjamin F. Blankinship, and Enoch Blair, for the forcible taking and conversion of twenty-eight fat hogs, the property of the appellant, of the alleged value of one thousand and eight dollars.
The answer of the appellees admits the taking of the hogs out of the appellant’s possession; but avers that at the time said Blankinship was a major, in command of the Harlan county battalion, a regular and legally authorized military organization of the State of Kentucky, with authority to contract for subsistence; that *67 said Dixon was the quarter-master of said organization, and said Lewis was a member of the command, and, by authority from Blankinship, the commander, agreed and contracted for the hogs with Lewis Farmer, the agent of appellant. In connection with the alleged purchase, the answer charges that the appellees had information that appellant had the hogs, and was about to dispose of them to be driven to Virginia, then in rebellion against the Federal Government; and the defendants purchased the hogs as aforesaid to prevent them from going to the public enemies of the government, and because the military forces aforesaid had need of them.
A trial resulted in a verdict and judgment for the defendants, from which Farmer has appealed to this court.
Various exceptions were taken by the appellant in the progress of the trial to the rulings of the court, as to the admissibility of evidence offered by the defendants. It will not be necessary to state in detail a number of facts which the defendants were allowed to prove, tending to establish a particular conclusion, as the ruling of the court as to each of them is liable to the same objection. Several witnesses were permitted to testify to acts and declarations of the appellant, as well as his reputation among his neighboi’s, and even private opinions, tending to show that, at the time the hogs were taken, the appellant, in his opinions and sentiments, adhered to the cause of those then in rebellion against the government of the United States.
Without undertaking to decide- that a portion of this evidence, at least, might not have been rendered admissible, as tending, in connection with other facts, to show there was an immediate and urgent necessity for seizing the property to prevent its falling into the hands of the enemy, we are satisfied that no sufficient ground was. *68 shown to exist for its admission in this case; not only was there no sufficient foundation in fact proved to render such evidence competent, but, in our opinion, none such is alleged in the answer.
On the trial the defendant, Dixon, produced a book, and proved by one of the witnesses “ that it was the book he used while quarter-master of the Harlan county battalion;” and on this proof alone he was permitted to read to the jury certain entries appearing in the book. If the book had been sufficiently proven and identified as an official record to render its contents competent evidence under any circumstances, we incline to the opinion that the entries read to the jury were not admissible as evidence for the appellees under the issues in this case; but the statement of the witness that Dixon usedthe book while quarter-master does not prove it an offical record, or entitled to more consideration than a private memorandum, which ought not to have been admitted as legitimate evidence.
It seems to us, also, that the court erred in permitting the appellees to prove to the jury the acts and declarations. of Lewis Farmer, the father of appellant, there being no evidence that Lewis Farmer was the agent of appellant.
The appellant excepted to the decision of the court, both in refusing to instruct the jury at his instance, and in giving instructions on the motion of the appellees. Without reciting the various instructions so either given or rejected, it will suffice to say that they involve an inquiry into the right and power of the appellees, as officers and members of a military organization of this State, to take private property and appropriate it to their use, either for subsistence or to prevent its falling into the hands of the public enemy.
*69 It may be assumed, in reference to either aspect of the case, that the right of a military commander to seize and destroy, or appropriate private property, never exists except as the consequence of actual emergency. And we are of opinion, that, to justify or excuse the exercise of this extraordinary power on the ground of necessity, for subsistence or otherwise, the necessity must be urgent for the public service, and such as will not admit of delay, and where the civil authority would be too late in providing the means required by the occasion. And if the power is claimed as a necessity to prevent the property from falling into the hands of the public enemy, the danger must be immediate and impending. (Mitchell vs. Harmony, 13 Howard, 135.)
From this view of the law, it results, in our opinion, that it was erroneous to so instruct the jury as to make the question of the liability of the appellees depend merely on whether the appellant “ adhered to the rebels or voluntarily aided them,” or intended, or was even attempting, to place the hogs in their possession; for, notwithstanding the existence of any or all of these facts, there may have been no immediate and impending danger that the public enemy would obtain the possession of the hogs, as both they and the appellant may have been powerless to effect such an object; and it was equally, if not more glaringly erroneous, to have an instruction to find for the defendants upon the supposed facts “that the defendants were Union military officers or soldiers, and were regularly ordered to subsist the men of their command upon supplies to be obtained in Harlan county.”
Wherefore, for the reasons indicated, the judgment is reversed, and the cause remanded for a new trial and further proceedings not inconsistent with this opinion.