CASE 62—PETITION ORDINARY—FEBRUARY 4.

# Lewis vs. McGuire.

APPEAL FROM MORGAN CIRCUIT COURT.

1.  The Confederate Government, by recognizing Kentucky as one of the family of the Confederate States, precluded itself and all its officers and agents from regarding the soil of Kentucky as enemies' country, and its non-combatant citizens as enemies. (*Terrill vs. Rankin*, 2 *Bush*, 453.)

2.  Neither the right of impressment nor the right to exact military contributions, belongs to every petty military officer, but must come from the commander of a district of country, or a post, or an army, and not from every straggling squad who may be under the immediate command of some inferior officer of low grade.

3.  The commission or capacity in which an officer professes to act will not fix his status, but the manner of his conduct; for even a regularly commissioned officer in the regular military service of a belligerent may be guilty of such a line of conduct as to show he, in reality, belongs to an irregular plundering service, which cannot be shielded by a regular commission.

4.  The non-combatant who yields obedience in good faith to the predominating military power, is entitled to its protection against indiscriminate plunder, or the levy of irregular contributions; and if this be so as to an alien belligerent power, how much more forcibly does the duty of protection apply to a government and its officers who claims the territory as part of its own dominions.

WM. H. HOLT,                                    For Appellant,

CITED—

1 *Mon.*, 96 ; *Ferguson vs. Terry.*

2 *B. Mon.*, 357 ; *Christopher vs. Covington & Smith.*

2 *Dana*, 377 ; *Johnson vs. Castleman, &c.*

*Halleck's International Law*, chap. 14, sec. 31, *and chap.* 16, *sec.* 8.

1 *Kent's Commentaries,* p. 94.

2 *Duvall,* 496; *Witherspoon vs. Farmers' Bank.*

*Vattell, Droit des Gens, lio* 3, *chap.* 9, *sec.* 13.

2 *Cranch,* 17; *Little and others vs. Bareme and others.*

13 *Howard,* 113; *Mitchell vs. Harmony.* ·

2 *Duvall,* 502; *Christian Co. Ct. vs. Rankin & Tharp.*

JOHN M. ELLIOTT,                                    For Appellee,

CITED—

2 *Duvall,* 496; *Witherspoon vs. Farmers' Bank.*

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

As decided by this court in a recent opinion, in *Terrill vs. Rankin,* to justify the taking of property from a non-combatant citizen of Kentucky by a military officer, it must appear that it was done under a legitimate proceeding and exercise of the power of impressment, or of military contribution, or ·exercise of some other legitimate belligerent right.

That neither the laws of war nor of nations authorize indiscriminate plunder; and that, as Kentucky was recognized as one of the family of the " Confederate States" by that government, it precluded itself and all its officers and agents from regarding the soil of Kentucky as enemies' country, or treating her non-combatant citizens as enemies; consequently, that government, its officers and agents, could only exercise belligerent rights against that portion of the citizens of Kentucky who, by their own conduct, became actual belligerents.

Neither the right of impressment nor the right to exact military contributions belongs to every petty military officer, but must come from the commander of a district of country, or a post, or an army, and not from every straggling squad who may be under the immediate command of some inferior officer of low grade. Nor, indeed,

will either the commission or capacity in which an officer professes to act fix his status, but the manner of his conduct; for even a regularly commissioned officer, in the regular military service of a belligerent, may be guilty of such a line of conduct as to show he in reality belongs to an irregular, irresponsible, plundering service, which cannot be shielded by a regular commission.

The rules of civilized warfare are founded upon principles of humanity and justice, and, when administered in an enlightened manner, mitigate the calamities of war; and, when properly observed by both the belligerent and non-combatant, prevent the disastrous destruction which attended the wars of a less civilized and Christianized age.

It is not only the privilege of the non-combatant to remain at home to take care of his property and family, when an alien belligerent shall, for the time being, oust the military power of his own government, but it is his duty to yield what the law of nations terms temporary allegiance to such predominating power; and, whilst this does not require at his hands voluntary aid to such belligerent alien power, yet it is his duty to yield it obedience in good faith, and for this he is entitled to its protection against indiscriminate plunder or the levy of irregular contributions; and if this be so as to an alien belligerent power, how much more forcibly does the duty of protection apply to a government and its officers who claim the territory as part of its own dominions.

The evidence in this case strongly indicates that Capt. Cook and the defendant, his lieutenant and brother-in-law, by a line of conduct of several months' duration, belong to an irregular and irresponsible service, neither authorized nor sanctioned by the Confederate Government nor the officer to whose command he professed to

belong; but, on the contrary, he was under charges at the time he was killed by Confederate soldiers.

The second and third instructions given were at war with these principles, and misdirected the jury.

Wherefore, the judgment is reversed, with directions for a new trial and further proceedings in accordance to this opinion.