JUDGE HARDIN
delivered the opinion oe the court.
The state of Kentucky having been claimed by the Confederate States as one of their number, and represented in their de facto government, the appellee could not be excused in this case for taking the appellant’s half-tanned leather from the vats of his tan-yard in Pike County, and carrying it into Virginia, for the use of the Confederate army when the process of tanning it should be there completed, on the ground that it was done in the exercise of belligerent rights in the enemy’s country. (Terrill v. Rankin, 2 Bush, 453; Lewis v. McGuire, 3 Bush, 202.) And to excuse the taking and converting of the appellant’s private property, which was not in any sense the subject of military capture, on the ground of necessity for the immediate use of the army engaged in the war against the United States, the necessity must have been of that urgent character which would not admit of delay, and could not be averted by the action of the civil authority, as was substantially held in the case of Farmer v. Lewis, &c., 1 Bush, 66. No such immediate and urgent necessity for seizing and carrying away this private property is disclosed in this case; and the fact that it was then unfit for use, and had to be again subjected to the process of tanning, repels the idea that any immediate want of the soldiers could have been supplied by taking it from the owner. And if the act of taking the property was unlawful, it could not be justified by an unlawful order or command of the officer under whom the appellee may have served at the time. (Hogue v. Penn, 3 Bush, 663.)
The instructions and rulings of the court below being deemed incompatible with the foregoing views of the law governing the case, it results that, in our opinion, the judgment is erroneous.
*608 Wherefore the judgment is reversed, and the cause remanded for a new trial in conformity to this opinion.