## J. C. Johnson *v.* W. W. Cox.

**War—Taking Property by Military Officers—Power of Impressment—Peaceable non-Combatant.**

To justify the taking of property from a peaceable non-combatant citizen by a military officer, it must appear that it was done under a legitimate proceeding and exercise of the power of impressment.

**Same—Law of War and of Nations—Indiscriminate Plunder—Inferior Officers.**

Neither the law of war nor of nations sanction indiscriminate plunder, nor does the right of impressment belong to inferior officers, but must come from the commander of a post.

**Same—Justification by Inferior Officer—Criminal Intent.**

The order of a major in command of a small expedition to a subordinate officer to take horses from the citizens generally to mount his men, could be no justification in a civil suit by the owner for the value of the horse, whilst it would disrobe the case of that criminal intent necessary to establish a felony.

APPEAL FROM MORGAN CIRCUIT COURT.

June 16, 1869.

OPINION OF THE COURT BY JUDGE WILLIAMS:

As decided by this court in *Terrill v. Rankin, 2 Bush, 456,* and in *Lewis v. McGuire, 3 Bush, 202,*

> "To justify the taking of property from the peaceable noncombatant citizens of Kentucky by a military officer, it must appear that it was done under a legitimate proceeding and exercise of the power of impressment, or of military contribution, or exercise of some other legitimate belligerent right."

That neither the laws of war nor of nations sanction indiscriminate plunder, nor does the right of impressment, or right to exact military contribution belong to inferior officers of limited command, but must come from the commander of a district, or a post, or an army, and not from those in command of small expeditions sent out for particular purposes.

That as the "Confederate States" recognize a provisional government in Kentucky as belonging to its family of states, drawing from her bosom a full representation in both branches of its Congress, it was thereby procluded from regarding Kentucky soil as enemies' country, or treating as enemies her peaceable citizens, who continued the pursuit of their usual avocations and did not make themselves actual belligerents, but submitted to the legitimate rules and regulations of that military force which might be in possession for the time being of their neighborhood and home, during the late war.

And as decided at our last term in *Sellard v. Zones, 5 Bush, 60; Ferguson v. Loas, 5 Bush, 689,* which was· an expedition gotten up by a Federal officer, the right of impressment was confined within narrow limits to save an army from danger and disaster from a sudden and unexpected emergency, and not to undertake an expedition however advantageous it might be, and which was the rule recognized by the Supreme Court of the United States in *Mitchell v. Hannowy, 13 How. 113.* The second instruction given in this case was in conflict with these views and essentially erroneous. The order of a major in command of a small expedition to a subordinate officer to take horses from the citizens generally to mount his men, could be no legal

authority to do so and no justification in a civil suit by the owner for the value of the horse, whilst it would, as heretofore decided by this court, disrobe the case of that criminal intent necessary to establish a felony.

Appellee, though a regularly commissioned captain, in the Confederate army, and having orders from the major in command, could not by reason thereof justify the taking the appellant's horse without showing some reason to authorize his being regarded and treated as an enemy, or because of some unlooked for emergency it was essential to impress to save his forces from sudden and impending danger of calamity.

Wherefore the judgment is reversed with directions for a new trial and further proceeding consistent herewith.

*Hazelrigg,* for appellant.

*Elliott & Cooper,* for appellee.

