*W. H. Holt, for appellant.*

---

## S. B. HOWARD'S ADMR. *v.* A. P. COOPER.

**War—Confiscation of Property—Taking for Public Use—Owner Retains Title Until Compensation is Made.**

If personal property be taken by the government and be applied to public use, until just compensation be made, the owner, though deprived of the possession, against his will, yet retains the title, and the incidental right of recaption as a security for payment, unless in a reasonable time the value shall have been legally fixed and paid or offered, but the danger must be imminent and impending before the taking can be authorized.

OPINION BY JUDGE PETERS:

Counsel complain of the decision in this case as being novel and startling, and even seems to congratulate himself that the

principles herein enunciated were withheld until so late a period apprehending that if they had been announced immediately after the close of the war they would have pauperized the confederate soldiers of the state.

That class of our citizens may congratulate themselves in having at last found so able a defender of their rights in the person of the attorney for appellant, and in his newly awakened zeal for them it may not be surprising that he should have forgotten, for he must have read the decisions that this court rendered as early as 1865. In the case of *Carbin v. Marsh*, 2 Duvall 193, announced the startling doctrine that if a horse, or slave, or house be taken by the government and be applied to public use, until just compensation be made, the owner, though deprived of the possession against his will, yet retains the title, and the incidental right of re-caption as a security for payment, unless in a reasonable time the value shall have been legally fixed and paid or offered. And in *Haight v. Morris*, 4 W. C. C. R., Justice Washington of the supreme court of the United States adjudged that until full indemnity is offered the party, the power of taking his property cannot be exercised, and chancery will grant an injunction to stay proceedings until indemnity. Justice Baldwin of the same court decided the same thing, and Chancellor Kent fully endorsed the same doctrine. 2 *J. Ch. R.* 162.

And in *Jones v. Commonwealth*, 1 Bush 34, this court held, under the authority of *Mitchell v. Harmony*, 13 How. 128, Supreme Court of the U. S., that a military officer charged with a particular duty may impress private property into the public service or take it for public use.

But in all such cases the danger must be imminent and impending, or the necessity urgent for the public service, such as will not admit of delay. It is the emergency that gives the right and the emergency must be shown to exist before the taking can be justified, and unless the party charged with the taking show the emergency he will be responsible. In *Rankin v. Tharp*, 2 Duvall 505, this court held that soldiers were liable for trespass committed in violation of the laws of war, though commanded by their superior officers to do the act. The same doctrine is enunciated but in stronger language by this court in *Ferguson v. Lear*. There this court said: Private property cannot be

taken for public use without just compensation either in peace or war. In war, pressing emergency may authorize seizure before making or providing for compensation; but to excuse the taking without the owner's consent, the necessity must be apparent and instant leaving no legal and available alternative. These last words italicised. In that case the appellee was a confederate soldier sent under ——— ——— by written command of General J. S. Williams to Kentucky to recruit ——— ——— ——— ——— for the Confederate army, and the appellant who brought the suit was, when the mule was taken by appellee for which he sued a soldier in the Federal army. In *Farmer v. Lewis*, 1 Bush 66, the same doctrine is enunciated. In *Hoge v. Penn*, 3 Bush 663, after citing and approving the rulings of the court in the cases of the *Christian Co. v Rankin & Tharp*, 2 Duvall 502; *Terrill v. Rankin*, 2 Bush 453; *Mitchell v. Harmony, supra*, it is said an unlawful act cannot be justified by an unlawful command to do it.

The doctrine decided in the opinion complained of was announced as early as 1865 has been repeated, and the cases sustaining it reported in each book of reports from 2 Duvall to 6 Bush, the latest published book of reports of the court, without a conflicting opinion or dissent of a judge on the bench, and it is strange that counsel should become appalled at the doctrine at this late day, which can only be accounted for on the ground that his zeal for the confederate soldiers slept until they are all well nigh rescued from dangers, for what was done during the war by the quieting influences of time and the little time he has to work, must be inspiringly devoted to it.

"A regard for *stare decisis* compels" the court to overrule the petition for a rehearing.

*Holt, for appellant.*